UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VRINGO, INC., et ano.,

        Plaintiffs,

    -against-                                               14-cv-4988 (LAK)

ZTE CORPORATION, et ano.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ZTE CORPORATION,

        Plaintiff,

    -against-                                               15-cv-0986 (LAK)

VRINGO, INC., et ano.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/15

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The parties seek the entry of a protective order and have agreed in substantial respects to its terms. *See* DI 96, DI 98. The remaining issues are disposed of as follows:

        1.    Documents may be designated either as "Confidential" or "Highly Confidential: Attorneys Eyes Only – US Only." Vringo's request to add an additional (mid-level) designation– "Highly Confidential – US Only" – is denied. Vringo has not shown that the distinction is sufficiently sensible. The Court notes, for example, that Vringo seeks to allow the producing party, in its complete discretion, to designate any document that "could be potentially prejudicial to the business or operations of such Producing Party" either as "Confidential" or as "Highly Confidential – US Only." The Court concludes that this would lead to needless objections to the appropriateness of the confidentiality designations.

        2.    Internal counsel may not access documents designated "Highly Confidential: Attorneys Eyes Only – US Only," unless otherwise permitted by the terms of the protective order. The disclosure of "trade secret or other confidential research, development, financial, proprietary information, or highly sensitive commercial or competitive information" to internal counsel could potentially prejudice the business or operations of the producing party to the extent that internal

counsel are involved in corporate decisions. Vringo's request to allow two internal counsel to access such information therefore is denied.

        3.    Vringo proposes also that "Highly Confidential: Attorneys Eyes Only – US Only" documents "shall not be deemed to be within the possession, custody or control of the Receiving Party." In substance, then, Vringo is asking for an advisory opinion regarding all such documents. The Court will not entertain such a request.

Finally, Vringo's motion to seal the unredacted version of its letter dated April 10, 2015 [DI 97] is granted.

SO ORDERED.

Dated:    April 15, 2015

_____
Lewis A. Kaplan
United States District Judge